UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
x
UNITED STATES OF AMERICA

    -against-

KIOND JONES, also known as "Kiond
Hing," and "Kion," ANTHONY PRADDY,
also known as "Birdman", and TORRELL
WHYTE, also known as "Terror",

               Defendants.
--------------------------------------------------------
x

**MEMORANDUM & ORDER**

Case No. 09-CR-395 (S-1)

**BLOCK, Senior District Judge:**

        On October 14, 2010, a jury found defendant Anthony Praddy guilty of racketeering activity (Count One), racketeering conspiracy (Count Two), marijuana distribution conspiracy (Count Four), four courts of marijuana distribution (Counts Five through Eight), and use of a firearm in connection with a drug crime (Count Fourteen). The jury was unable to reach a verdict on the remaining counts, which charged murder in aid of racketeering (Count Three), murder in connection with a drug crime (Count Eleven), and use of a firearm in connection with a crime of violence (Count Twelve). Accordingly, the Court declared a mistrial on those counts. Count Eleven was later dismissed on the government's motion. Following a retrial, a jury found Praddy not guilty on Counts Three and Twelve.

        Following the first trial, Praddy moved for a judgment of acquittal on Counts One, Two, Four and Fourteen. The Court reserved and held further argument on

September 14, 2011. For the following reasons, the motion is denied.

**I**

On a motion for a judgment of acquittal, the Court must determine whether "the evidence is insufficient to sustain a conviction," Fed. R. Crim. P. 29(a), that is, whether "a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003). It must make that determination "with the evidence against a particular defendant viewed in a light that is most favorable to the government, and with all reasonable inferences resolved in favor of the government." *United States v. Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008) (citation, internal quotation marks and alterations omitted). "The jury may reach its verdict based upon inferences drawn from circumstantial evidence, and the evidence must be viewed in conjunction, not in isolation." *Id.* (citation, internal quotation marks and alterations omitted).

**A. Counts One, Two and Four**

With respect to Counts One, Two and Four, Praddy argues that the evidence was insufficient to connect his individual marijuana sales (four of which he admitted at trial) to a larger conspiracy or RICO enterprise. Although the Government offers much evidence of the *existence* of a conspiracy/enterprise, the evidence of Praddy's *membership* comes down to the testimony of two cooperating witnesses:

- Raymond "Bobby" Dowdie, the ostensible head of the "Raleigh Place Crew," was asked, "[W]ho were some of the other people you worked with in selling marijuana [around Raleigh Place]?" He responded, "Garfield, Josh, and Jay, Joe. Kiond, for a time. 'Bird' for a period of time. Lindsay. Other individuals." Trial Tr. 327. "Birdman" or

2

"Bird" was Praddy's nickname.

- Hayden McQuilken, one of the crew's customers, testified that various people he bought drugs from worked as "a team." When asked what individuals roles were on that team, he stated that Dowdie was "the head man," and that "Birdman" was a "worker." Trial Tr. 709-10.

The jury could have could reasonably inferred from that testimony that Praddy sold marijuana as a member of the Raleigh Place Crew.

Praddy argues, however, that the Court should ignore the usual rule that all reasonable inferences are to be drawn in the government's favor because of what he alternately calls "jury confusion" and a "compromise verdict." Def.'s Mem. of Law 2. The essence of the argument, however denominated, is that Dowdie and McQuilken also testified as to Praddy's involvement in the murder, as well as other violent crimes charged as predicate acts.[1]  Since—Praddy argues—the jury could not reach a verdict as to the murder charges and found the other violent acts not proven, it necessarily rejected *all* of the cooperators' testimony, including the testimony tying him to the Raleigh Place Crew. The jury nevertheless convicted Praddy, even though the violent predicate acts were, in Praddy's view, the "catalyst of the racketeering changes." Def.'s Mem. of Law 4.

Praddy's argument is unpersuasive. First, there is no rule requiring the jury to accept or reject all of a witness's testimony. Indeed, the Court explicitly (and correctly) charged the jury that it was for them to decide "how much, if any, of the testimony [of cooperating witnesses] to believe." Thus, as part of the Court's duty to view the evidence

---

[1]Both Count One and Count Two charged the murder as a predicate act. In addition, Count Two charged attempted murder and kidnapping as predicate acts to a RICO conspiracy.

to support the verdict, if at all possible, the Court must assume the *opposite* of Praddy's premise—that the jury followed its instruction and chose to credit Dowdie and McQuilken with respect to Praddy's membership in the crew, but not with respect to his involvement in the murder or other violent crimes.[2]

Second, there is no requirement that a defendant commit any violent predicate act to be guilty of racketeering or conspiracy. One of the alleged purposes of the Raleigh Place Crew was drug trafficking, and the government was not required to prove that Praddy was involved in all of the crew's activities (including the use of violence to protect their turf). As the Court instructed the jury, the government was required to prove, with respect to racketeering, only that "the defendant . . . played some part in the operation or management of the enterprise." With respect to conspiracy, the jury was told that "the defendant need not have joined in all of the conspiracy's unlawful objectives." Thus, it was entirely proper for the jury to find that Praddy's marijuana sales were part of a larger conspiracy and a RICO enterprise, even though it did not find that Praddy had participated in the crew's more violent activities.

**B. Count Fourteen**

Praddy offers three arguments with respect to Count Fourteen. First, he argues that the conviction for using a firearm in connection with a drug crime cannot stand if the underlying drug crime (i.e., Count Four) is set aside. Since the Court is upholding

---

[2]Even if it were impossible to reconcile the jury's verdict, an inconsistent or compromise verdict is not automatically grounds for a new trial, let alone a judgment of acquittal. *See United States v. Green*, 523 F.2d 229, 235-236 (2d Cir. 1975) (compromise verdict not grounds for new trial absent evidence of external coercion).

4

that conviction, this argument must fail.

Second, Praddy argues that the Court's charge on Count Fourteen excused the government from proving that the firearm was "brandished" or "discharged," as charged in the indictment. In full, the indictment charged that Praddy

> did knowingly and intentionally use and carry a firearm during and in relation to a drug trafficking crime, to wit: the crime charged in Count Four, and did knowingly and intentionally possess a firearm in furtherance of said drug trafficking crime, which firearm was brandished and discharged.

Under *Harris v. United States*, 536 U.S. 545 (2002), the elements of the crime are using or carrying or possessing a firearm in connection with a drug crime. *See id*. at 552. Whether the firearm is brandished or discharged is a sentencing factor affecting only the mandatory minimum. *See id.* Thus, the Court correctly charged the jury on use, carrying and possession, and omitted the "brandished and discharged" at the end of the charge as surplusage.

Third, Praddy again invokes "jury confusion," this time between Count Fourteen and Count Twelve, on which the first jury could not reach a verdict. Specifically, he argues that the government's summation on those counts implied that Praddy's possession of a weapon on April 1, 2004, was sufficient for conviction. That argument is belied by the Court's charge, which clearly required the jury to find that Praddy "either knowingly and intentionally used or carried a firearm *during and in relation to* the commission of the crime of violence or drug trafficking crime, or knowingly and intentionally possessed a firearm *in furtherance of* that crime." That the jury could not reach

5

a verdict on Count Twelve but convicted on Count Fourteen demonstrates that it understood the different predicate crimes for the two counts.

## II

In sum, the Court rejects Praddy's contention that the verdict on Counts One, Two, Four and Fourteen was the result of erroneous instructions, or jury confusion or compromise. To the contrary, the jury carefully followed the Court's correct instructions, and reached a consistent verdict supported by the evidence. Accordingly, Praddy's motion for a judgment of acquittal is denied.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 22, 2011